# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

MOTION GAMES, LLC

                Plaintiff,

v.

NINTENDO CO., LTD; NINTENDO OF
AMERICA INC.; RETRO STUDIOS, INC.;
RENT-A-CENTER, INC.; and GAMESTOP
CORP.,

                Defendants.

Case No. 6:12-cv-878-LED-JDL

JURY TRIAL DEMANDED

 

# NINTENDO CO., LTD., NINTENDO OF AMERICA INC., RETRO STUDIOS, INC., RENT-A-CENTER, INC. AND GAMESTOP CORP.'S
## MOTION TO STAY PENDING *INTER PARTES* REVIEW

# I.      INTRODUCTION

Defendants Nintendo Co., Ltd. ("NCL"), Nintendo of America Inc. ("NOA"), Retro Studios, Inc., GameStop Corp. and Rent-A-Center, Inc. hereby move the Court for a stay of the case pending the Patent Trial and Appeal Board's ("PTAB") determination on the *inter partes* review ("IPR") petitions filed by NOA.  NOA timely submitted IPR petitions on each asserted claim in each of the three patents in-suit (U.S. Patent No. 6,167,607 ("the '607 patent"), U.S. Patent No. 7,843,429 (the '429 patent") and U.S. Patent No. 7,562,297 ("the '297 patent")).  On May 19, 2014, the PTAB issued decisions instituting IPR proceedings on all three patents in-suit, finding that there was a reasonable likelihood that *all* of the asserted claims of all three patents are obvious.

In light of the PTAB's decision, Defendants respectfully request a stay of the litigation in this Court until the final written decision on the IPRs is issued (not, at this time, including the time for any appeals), so as to allow the PTAB to determine the validity of each of the asserted claims based on the arguments presented in those proceedings.  Absent an extension for good cause, the PTAB's determinations on invalidity must be made within a one-year statutory period that ends on May 18, 2015, which is many months before trial is scheduled in this case.  Because all asserted claims are presently before the PTAB in the IPR proceedings, the PTAB's rulings will likely be dispositive on the issue of invalidity of all three of the patents asserted in this case.  If the PTAB holds the patent claims invalid, this case should be dismissed in full.  If the PTAB holds that some claims are not invalid, NOA (and NCL as a real party in interest) will be estopped from litigating any issues that were raised or could have been raised in the IPR proceedings.  Further, if the Court grants this motion to stay, the remaining defendants will agree to be bound and estopped by the PTAB's rulings to the same extent as NOA.

In light of the above, regardless how the PTAB decides the petitions, granting a stay will essentially resolve the invalidity issue before this Court and thereby greatly streamline the remaining issues, if any, to be litigated by the parties. A stay is further warranted because it will not unduly prejudice or present a clear tactical disadvantage to plaintiff. And it is also appropriate in light of the case schedule – fact discovery is not set to close until December 1, 2014 (and no depositions have yet occurred and written discovery has only just begun); the parties have not made expert disclosures; and trial is set for October 15, 2015 – well after the PTAB must make its determination on the validity of all asserted claims in the lawsuit. Thus, a stay will streamline the case, and allow the parties and the Court to avoid discovery and litigation of potentially irrelevant issues.

Defendants thus respectfully request a stay pending the PTAB's determination of the validity of all of the asserted claims of all three patents in-suit.

## II.     PROCEDURAL BACKGROUND AND STATUS OF CASE

### A.     The IPR Proceedings

On November 19, 2013, NOA filed three IPR petitions, one for each of the three patents-in-suit, alleging that all of the asserted claims at issue in this litigation are invalid. NCL was named as a real party in interest in the petitions. Plaintiff did not file any preliminary response to the petitions. On May 19, 2014, the PTAB issued decisions granting all three IPR petitions on all three patents and instituted *inter partes* reviews on all of the asserted claims at issue in this litigation, as reflected in the chart below:

| Patent | Claims subject to IPR | Claims in this litigation (as of Plaintiff' First Election of Claims on May 16, 2014)[1] |
|---|---|---|
|  |  |  |

---

[1] On May 16, 2014, after NOA filed the IPR proceedings on all asserted claims, and pursuant to the Court's May 6, 2014 Order, plaintiff submitted its First Election of Asserted Claims, in which it dropped

| '607 patent | Claims 1, 2, 15-17, 25-26, 34, and 39-41 | Claims 1-2, 16, 17, 25-26, 34, 40, and 41 |
|---|---|---|
| '297 patent | Claims 1-5, 7-14, and 16 | Claims 1, 3, 5, 6, 15, 17, 19, 21, 24-26, 30 |
| '429 patent | Claims 1-6, 11-30 | Claims 1, 3, 7-9, 13-14, and 16 |

(*See* Decisions in Cases IPR2014-00164, -00165, -00166, attached as Exs. A, B and C, respectively.)  The PTAB concluded that NOA had demonstrated a "reasonable likelihood of prevailing" on the contention that each of those claims is "unpatentable under 35 U.S.C. § 103(a)" over prior art references.  (*See* Ex. A (Decision in Case IPR2014-00164) at 13; Ex. B (Decision in Case IPR2014-00165) at 15; Ex. C (Decision in Case IPR2014-00166) at 24.)  The PTAB further issued a Scheduling Order applicable to each of the three IPR proceedings.  (*See* Scheduling Order in Cases IPR2014-00164, -00165, -00166, attached as Ex. D).  Oral argument in each of the three IPR proceedings is scheduled for January 16, 2015.  (*Id.* at 6).  Pursuant to the expedited timing required for IPR proceedings and determination, absent good cause for an extension, the PTAB must issue its determination as to patentability within one year after instituting IPR proceedings, and thus the PTAB will make its determination as to the claims in all three patents in-suit by May 18, 2015.  *See* 35 U.S.C. § 316(a)(11).[2]

If the PTAB finds that all the asserted claims in the three patents at issue are unpatentable under 35 U.S.C. § 103, all of the substantive issues in this litigation would also be resolved because the claims at issue in the IPRs include *all* of the claims asserted in the present litigation. If they are determined to be invalid by the PTAB, there will be no basis for the litigation here to

---

certain claims from the lawsuit.  As such, the list of "claims in this litigation" in the chart is a subset of the "claims subject to IPR.

[2] *Inter partes* review is intended to provide a much faster review process than other reexamination proceedings.  *See E-Watch, Inc. v. Lorex Canada, Inc.*, C. A. No. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013) ("the IPR process was specifically established . . . to proceed in a timely fashion").

continue as plaintiff will be bound by the PTAB's decision on invalidity and barred from re-litigating the invalidity issues. Plaintiff's infringement claims would therefore be moot.

Moreover, the statutory estoppel provisions bar NOA (and NCL, as a real party in interest) from asserting that the claims are invalid on "any ground that [it] raised or reasonably could have raised during the *inter partes* review." *See* 35 U.S.C. § 315(e)(2). In addition, the remaining defendants in this case – who are not party to the IPRs (Retro Studios, Inc., GameStop Corp. and Rent-A-Center, Inc.) – agree that if the Court grants the requested stay, they will be bound to the same extent as NOA and NCL by the statutory estoppel provision limiting available invalidity defenses.

### B.    Status of the Case

To date, the parties have served infringement and invalidity contentions, made disclosures under PR 3-1 and 3-2, produced documents, and participated in a *Markman* hearing just last month. Discovery remains ongoing and is set to close on December 1, 2014. (Dkt. 110.) Plaintiff recently served its first set of interrogatories on June 2, 2014, and no depositions have yet been taken in this case. The Docket Control Order sets forth the following deadlines over the course of the next year and half, including:

- motions to limit the number of asserted claims and prior art references (September 8, 2014);
- initial expert disclosures (September 15, 2014);
- rebuttal expert disclosures (October 13, 2014);
- summary judgment and *Daubert* motions (January 15, 2015);
- other pre-trial filings, including the Joint Pre-Trial Order and proposed jury instructions (July 15, 2015);
- motions *in limine* (September 3, 2015).

(*Id.*) Under the current Docket Control Order, trial is scheduled for October 13, 2015, with the pretrial conference set for September 17, 2015. (*Id.*)

## III. ARGUMENT

Courts have wide discretion to stay litigation pending IPR proceedings where doing so would significantly streamline or potentially resolve the case with little prejudice to any party. "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion" of a PTO administrative proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). The party seeking a stay bears the burden of showing that a stay is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (citation omitted). In deciding whether to stay litigation pending PTO review, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and a trial date has been set. *See, e.g., Southwire Co. v. Cerro Wire, Inc.*, 750 F. Supp. 2d 775, 778 (E.D. Tex. 2010). "Though a stay is never required, it may be 'particularly justified where the outcome of the [administrative proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [administrative proceeding], would eliminate the need to try the infringement issue.'" *See* Memorandum Opinion and Order in *Unifi Scientific Batteries v. Sony Mobile Communications AB*, No. 6:12cv224 JDL, at 3 (E.D. Tex. Jan. 14, 2014 (Love, J.) (quoting *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)), attached as Ex. E.[3]

---

[3] Although the Court denied a motion to stay pending IPR proceedings in this decision, the circumstances were distinguishable because the PTAB deadline for issuing its decision was mere weeks before the first scheduled trial date in that case.

## A.    A Stay Will Not Unduly Prejudice, or Present a Clear Tactical Disadvantage to, Plaintiff.

Granting a stay pending the IPR proceedings will neither unduly prejudice nor present a clear tactical disadvantage to Plaintiff.

*First*, the PTAB has instituted trials on all three patents-in-suit (the '607, '297 and '429 patents), finding that there was a reasonable likelihood that all of the asserted claims are obvious over the prior art that was submitted.  As the IPR proceedings will settle the question of validity as to *all* claims asserted by Plaintiff in each of the patents in-suit, all parties – Plaintiff and Defendants alike – will benefit from an early determination as to validity and a stay of the litigation in the interim.  If the PTAB determines the patents are invalid, all of the substantive issues in this litigation would be resolved and the case will be over (*i.e.*, there will be no question of validity as to *any* asserted claim, and thus no question of infringement).  Moreover, a stay will allow the Court and the parties to avoid expending resources on issues that are likely to be affected or eliminated entirely by the IPR proceedings.  There is also no reason to view this stay request as being made for any improper tactical purpose, particularly given that the PTAB instituted trials as to *all* the claims asserted in the IPR petitions (and indeed, all asserted claims in this litigation), which is strong evidence as to the merits of these invalidity arguments.

*Second*, a stay will not cause any undue delay.  Indeed, any concern as to any delay caused by a stay is significantly alleviated by the new expedited procedures for IPRs, under which, absent an extension for good cause, review of the petitions here must be completed by May 18, 2015, five months prior to the scheduled trial date.  *See* 35 U.S.C. § 316(a)(11) (PTAB is required to issue its final determination within one year after the institution of review, unless good cause is shown to extend the deadline for up to six months).  Moreover, considering that the parties may engage in limited discovery in the PTAB during the IPR proceedings (which

Plaintiff has, in fact, already requested) "and that the PTO's decision may significantly narrow the issues before the Court, entry of a stay in this case may not significantly impact the current trial date," if at all. *See Automatic Mfg. Systems, Inc. v. Primera Technology, Inc.*, No. 6:12–cv–1727–Orl–37DAB, 2013 WL 6133763, at *3 (M.D. Fla. Nov. 21, 2013) (concluding prejudice factor did not weigh strongly against a stay). *See also* Order in *American Vehicular Sciences, LLC v. Toyota Motor Corp., et al.*, No. 6:12-cv-404 (LEAD), at 3, n.5 (E.D. Tex. Feb. 19, 2014) (Love, J.), attached as Ex. F (granting partial stay where agency decision was due over three months before date set for pretrial conference, notwithstanding statutory possibility for six month extension). In addition, Defendants seek a stay only until the final written decision on the IPRs is issued, at which time the parties and the Court can revisit the issue of continuing the stay during any potential appeals. *See id.*

*Third*, Plaintiff is a non-practicing entity, not a competitor of the defendants, and as such, any claim of prejudice it may assert is substantially diminished. Courts considering stays for IPR proceedings have recognized that any harm suffered as a result of a stay by such non-practicing entities can be adequately addressed with money damages, particularly in light of the abbreviated time set for a decision under the IPR process. *See, e.g.*, *Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, C. A. No.12-cv-1107 (GMS), 2014 WL 1369721, at *4-5 (D. Del. Apr. 7, 2014) (granting stay pending IPR, noting plaintiff's "status as a non-practicing entity, rather than a market participant, suggests there is little risk that it will lose sales or goodwill in the market"); *E-Watch, Inc.*, 2013 WL 5425298, at *2 (noting "the mere fact of a delay alone does not constitute prejudice sufficient to deny a request for stay" especially considering "the IPR process was specifically established . . . to proceed in a timely fashion"). Accordingly, a stay until the PTAB issues its decision will not unduly prejudice Plaintiff, which could be adequately

compensated with money damages for an eleven month stay, if its patents are found to be valid by the PTAB and if Plaintiff ultimately prevails on any of its infringement claims.[4]

### B.     A Stay Will Simplify the Issues for Discovery and Trial.

The PTAB's determination of the validity of all asserted claims of all three patents-in-suit unquestionably will simplify and streamline any issues remaining for trial.  *First*, in instituting IPR proceedings on all asserted claims, the PTAB found that "there is a reasonable likelihood" that each claim is invalid.  (*See* Exs. A-C.).  Given this threshold finding as to all asserted claims, this factor plainly is met.  As one court explained:

> [T]his heightened standard increases the likelihood that the PTO's decision will significantly contribute to the resolution of this case.  Even if the PTO does not invalidate [the patents-in-suit] in [their] entirety, the potential for partial invalidation, the review's collateral estoppel effects, and the PTO's interpretation of the claims will likely narrow the issues and aid the Court as this action progresses.  Moreover, staying litigation pending PTO administrative review has several other well-established benefits, including encouraging settlement without further Court assistance and reducing the costs and efforts associated with needlessly duplicative discovery.

*See Automatic Mfg. Sys., Inc.,* 2013 WL 6133763, at *3 (citations omitted) (finding simplification factor weighed strongly in favor of stay).  "[I]f the USPTO in any way alters or invalidates a claim of any of the patents-in-suit, the matters at issue in this court will change."

*See E-Watch, Inc.* 2013 WL 5425298, at *2 (noting plaintiff "conflates simplification of the issues with total resolution of the case, which is not a factor considered by the court when

---

[4] Although this Court has previously found that a non-practicing entity may nevertheless be prejudiced by a stay, this conclusion was in the context of a stay for reexamination, which this Court noted "could potentially prevent [the non-practicing entity] from enforcing its rights for 6.5 years."  *BarTex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 651 (E.D. Tex. 2009) (Love, J.).  As such, the finding that damages might not fully compensate a non-practicing entity was specifically in the context of the "lengthy delay resulting from reexamination" (*id.* at 652) – a risk that is no longer present under *inter partes* review.  Notably, in a more recent decision, this Court granted a stay pending IPR proceedings where the PTAB's decision was expected to issue substantially before the scheduled trial date.  (*See* Ex. F (*American Vehicular Sciences* Feb. 19, 2014 Order) at  3 n.5 (granting partial stay where agency decision was due over three months before date set for pretrial conference, and notwithstanding statutory possibility for six month extension).)

addressing a motion for stay" and observing IPR process will simplify issues even if the petitions are not granted); Memorandum and Order in *e-Watch Inc. v. Avigilon Corp.*, C. A. No. H-13-0347, at 3-4 (S.D. Tex. Nov. 15, 2013), attached as Ex. G ("If the PTAB determines that the patent claims are invalid or otherwise limits the patent claims, the proceedings in this Court will likely be resolved or simplified considerably.").

*Second*, a stay will streamline discovery, and narrow issues for summary judgment motions and trial as a result of the statutory estoppel provisions applicable to NOA, NCL, and as well as the other defendants (Retro Studios, Inc., GameStop Corp. and Rent-A-Center, Inc.) by their agreement that if the Court grants the requested stay, they will be similarly bound by the estoppel provision. *See* 35 U.S.C. § 315(e)(2). This is a significant benefit for the parties and the Court because absent a stay, each of those defendants could potentially re-argue the same invalidity positions that are at issue in the IPRs.[5] As such, a stay in this case will serve to simplify the issues before the Court, even in the event any independent asserted claims remain after the PTAB's decision.

*Third*, significant discovery and other issues remain to be litigated in this case, which will also be simplified by a stay. Fact discovery is ongoing and is set to close on December 1, 2014. No depositions have been noticed or taken. Plaintiff only recently served its first set of interrogatories. And expert discovery has not yet commenced. Given the potential for case-

---

[5] Courts have recognized that even when non-petitioning defendants agree to be estopped in some manner less than the full statutory estoppel applied against the IPR petitioner, such would still simplify the issues for trial and support the order of a stay. *See e-Watch Inc. v. Avigilon Corp.*, C. A. No. H-13-0347, 2013 WL 6633936, at *2 (S.D. Tex. Dec. 17, 2013) (holding stipulation by non-petitioning defendant to be estopped as to asserting "any invalidity arguments based on prior art publication(s) on which the PTAB bases its Final Written Decision will adequately protect [plaintiff] from being unduly prejudiced by the stay," even though defendant was not estopped to extent set forth in 35 U.S.C. § 315(e)(2)); *E-Watch, Inc.*, 2013 WL 5425298, at *4 ("applying limited estoppel will serve the interests of the parties and the court"). Here, the simplification benefits are even more substantial, where the non-petitioning defendants will agree, upon entry of a stay, to be bound to the same extent as NOA and NCL.

dispositive determinations from the PTAB (or at a minimum, substantial narrowing of issues), a stay would prevent wasteful and burdensome fact and expert discovery, including deposition of the inventor and costly depositions of NCL witnesses in Japan (on technical issues related to infringement claims that very well may be moot).  Moreover, courts have recognized that even if the claims are not cancelled, "the USPTO's insight and expertise regarding the validity of the patents would be of invaluable assistance to this court."  *See E-Watch, Inc.*, 2013 WL 5425298, at *2; *Automatic Mfg. Sys., Inc.* 2013 WL 6133763, at *3.

      **C.**      **The Status of the Case Supports a Stay.**

      Although a trial date has been scheduled, it is nearly a year and a half away and significant discovery and other litigation remains yet to be completed.  This case may not be at its inception, but its status nevertheless favors a stay in light of the substantial amount of work that remains for the Court and the parties, including this Court's claim construction ruling, all depositions, expert disclosures, all expert discovery, ongoing fact discovery, written discovery, and summary judgment motions.  *See Emtel, Inc. v. Lipidlabs, Inc.,* No. Civ.A. No. H-07-1798, 2013 WL 1707678,  at *6 (S.D. Tex. Apr. 19, 2013) (granting stay pending *ex parte* reexamination after *Markman* hearing, but before claim-construction ruling came due, as case was "far from ready for trial"); *Gryphon Networks Corp. v. Contact Ctr. Compliance Corp.*, 792 F. Supp. 2d 87, 92 (D. Mass. 2011) (finding stage of litigation favored stay pending reexamination where although *Markman* hearing had been held, court had not yet issued a ruling, fact discovery was not complete, expert discovery had not begun and summary judgment motions had not been filed); *see also Southwire Co.*, 750 F. Supp. 2d at 779-80 (although scheduling order and trial date had been issued, status of case favored stay pending reexamination where, in addition to *Markman* hearing not having yet been held, "expert reports

have not been exchanged, discovery is not completed, summary judgment motions have not been filed"); *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573, at *6 (W.D. Wash. Oct. 7, 2013) (granting stay pending IPR where discovery was "ongoing" and parties had submitted claim construction briefs, noting "[a] stay of the litigation at this stage of discovery or even later in the proceedings pending reexamination at the PTO is not unprecedented.")[6]

It is thus well-settled that "[a] case need not be in its infancy to warrant a stay. Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Destination Maternity Corp. v. Target Corp.*, No. Civ.A. No. 12-5680, 2014 WL 1202941, at *6 (E.D. Pa. Mar. 24, 2014) (granting stay where although parties had already conducted significant discovery, a substantial amount of work remained and thus litigation stage favored stay, and collecting cases). In this case, "considering the general time line of patent litigation, there is more work ahead of the parties and the Court than behind the parties and the Court", and thus a stay is warranted. *See Tierravision, Inc. v. Google, Inc.*, No. 11cv2170 DMS(BGS), 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012) (status of case favored stay, notwithstanding that parties had completed preliminary infringement and invalidity contentions, claim construction discovery, and initial *Markman* filings). This case is not so far along to preclude the judicial efficiency benefits of a stay, particularly where all

---

[6] It is notable that many of these cases (*Emtel, Inc.*, *Gryphon Networks*, *Southwire Co.*, *Tierrravision, Inc.*, *ICI Uniqema*) involved pending reexaminations, in which the date for the PTO's decision was unknown and could take years to issue. By contrast, here the statutory process for IPR proceedings requires the PTAB to issue its decision less than a year from now. Accordingly, the reasoning in these reexamination cases where a stay was granted notwithstanding that significant discovery had been completed supports a stay here even more, where the PTAB will issue its decision well before the trial date currently set by this Court.

patents and all claims in this litigation are pending before the PTAB.  Accordingly, this factor

weighs in favor of a stay.[7]

## IV.    CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant

defendants' motion to stay proceedings in this case pending IPR proceedings by the PTAB of all

the patents-in-suit.

Dated:  June 25, 2014                    Respectfully submitted,

                                         /s/ Trey Yarbrough
                                         Trey Yarbrough
                                         Bar No. 22133500
                                         Yarbrough Wilcox, PLLC
                                         100 E. Ferguson St., Ste. 1015
                                         Tyler, TX 75702
                                         (903) 595-3111
                                         Fax: (903) 595-0191
                                         trey@yw-lawfirm.com

                                         Brian D. Roche (IL Bar No. 6183795)
                                         (admitted pro hac vice)
                                         Email: broche@reedsmith.com
                                         Jennifer Yule DePriest (IL Bar No 6272137)
                                         (admitted pro hac vice)
                                         Email: jdepriest@reedsmith.com
                                         Vanessa Marti Heftman (IL Bar No. 6283464)
                                         (admitted pro hac vice)
                                         Email: vheftman@reedsmith.com
                                         Reed Smith LLP

---

[7] Although a *Markman* hearing was held last month, the Court has not yet issued a claim construction ruling.  *Cf. Emtel, Inc.* 2013 WL 1707678, at *6 (granting stay after *Markman* hearing but before claim-construction ruling came due, as case was "far from ready for trial"); *Gryphon Networks Corp.*, 792 F. Supp. 2d at 92 (finding stage of litigation favored stay where hearing had been held, but court had not yet issued a *Markman* ruling, among other factors).  Courts have noted that a stay could be appropriate even after a court has issued its claim construction ruling, where significant discovery remained in the case. *See Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. A-12-CA-773-SS, 2013 WL 6097571 at *2 (W.D. Tex. June 10, 2013) (stay denied because PTAB had not yet decided whether to grant IPR petitions, but noting "given [that] other aspects of this case, such as non-*Markman* discovery, have not yet proceeded, a stay might be well-taken after a *Markman* order has issued"); *ICI Uniqema, Inc. v. Kobo Prods,, Inc.*, C. A. No. 06-2943 (JAP), 2009 WL 4034829, at *2 (D.N.J. Nov. 20, 2009) (status of case favored stay where, although court's claim construction ruling had been issued, "[i]t is clear that the case is in a relatively early stage in the litigation" as significant discovery remained, including remainder of fact discovery, all depositions, and all expert discovery).

10 South Wacker Drive
Chicago, IL  60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

Barry J. Coyne (PA Bar No. 77007)
(admitted pro hac vice)
Email: bcoyne@reedsmith.com
Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222-2716
Telephone: +1 412 288 3131
Facsimile: +1 412 288 3063

Counsel for Defendants
Nintendo Co., Ltd., Nintendo of America Inc.,
Retro Studios, Inc., GameStop Corp. and Rent-A-
Center, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 25th day of June, 2014.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

*/s/ Trey Yarbrough*
Trey Yarbrough

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for the respective parties participated in a personal conference regarding the subject matter of this motion on June 20, 2014, and complied with the requirements of Local Rule CV-7(h). This motion is opposed. Counsel for the movants, Brian Roche, and counsel for the non-movant, Josh Kalb, conferred in good faith by telephone. An agreement could not be reached because the parties maintain opposing positions with respect to the merits of the attached motion. The discussions ended in an impasse, leaving the issue open for the Court to resolve.

*/s/ Trey Yarbrough*
Trey Yarbrough