UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MOTION GAMES, LLC<br><br>　　　　Plaintiff,<br><br>v.<br><br>NINTENDO CO., LTD.; NINTENDO OF AMERICA, INC.; RETRO STUDIOS, INC.; RENT-A-CENTER, INC.; and GAMESTOP CORP.,<br><br>　　　　Defendants. | Case No. 6:12-cv-878-JDL<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO SEVER AND STAY CASE AGAINST RETAILER DEFENDANTS AND TO RECONSIDER DENIAL OF TRANSFER OF VENUE**

Plaintiff Motion Games, LLC submits this sur-reply in opposition to Defendants' Motion to Sever and Stay Case Against Retailer Defendants And to Reconsider Denial of Transfer of Venue. Defendants' reply does nothing to dispel the fact that they elected not to move to sever and stay the retailer defendants at the outset of the litigation in conjunction with their failed motion to transfer. Having made that election, they cannot seriously dispute that they are seeking a second bite of the transfer "apple." In the cases they rely on, *Nintendo III* and *UltimatePointer,* the Nintendo defendants properly sought to sever and stay as part of an initial motion to transfer. Having failed to do so in this case, Defendants should be found to have waived the right to seek severance at this late stage in the litigation, where the Court has already devoted substantial time and effort to claim construction and the parties are well into fact discovery, with the discovery period set to close in less than four months.

As for the merits of the reconsideration request, Defendants cannot dispute that *Nintendo III* involved a different fact pattern and different defendants and thus does not represent an

1

intervening change in controlling law that would warrant this Court reconsidering its denial of transfer.

I. **Defendants Waived the Right to Sever the Retailer Defendants By Not Seeking That Relief in Their First Motion to Transfer.**

Defendants argue that a motion to sever can be brought at any time, but that ignores the facts and history of this case and the Federal Circuit law, which stresses the importance of moving to transfer at the outset of a case. (Dkt. #187 at 2, fn.. 2) *See In re EMC Corp.*, 501 F. App'x 973, 975–76 (Fed. Cir. 2013). If a motion to transfer should be brought at the outset of a case, then it follows a motion to sever and stay the case against retailer defendants *combined* with a motion to transfer the remaining parties should also be brought at the outset of the litigation. The defendants in *UltimatePointer* and *Nintendo III*—including Defendant NOA—chose to follow this correct procedure. On the other hand, Defendants here consciously chose not to follow the proper course in this case. Having made this tactical decision, they cannot now argue that this history should be ignored, or that they should be provided with a second opportunity to get it right. Defendants should be held to have waived their right to bring a motion to sever and stay the case against the retailer defendants where, as here, they have already failed at transferring venue for *all* of the defendants. A contrary result will only encourage other defendants to engage in the duplicative motion practice strategy devised by Defendants herein, leading to further strain on the Court's resources.

II. **Defendants have Failed to Establish that the WDWA Has Jurisdiction over Retro.**

Defendants' attempt to downplay the significance of the fact that Defendant Retro Studios, Inc. ("Retro") is not a retailer defendant and is located in Texas. Retro actually designs video games charged as infringements. Defendants nonetheless argue that Retro "plays a secondary and peripheral role in this litigation" but effectively concede that Retro does not fall

2

into the "retailer defendant" category for which severance is sought. (Dkt. #187 at 4 fn.. 5) Thus, very different issues are presented in this case than in *Nintendo III*, where Retro was not a party and the defendants had made a timely motion to sever and stay the case against the retailer defendants along with a motion to transfer the case against NOA. Clearly, this district is a more convenient forum for Retro, which is located in Austin, than the WDWA would be. Equally clear is the fact that the Court already highlighted the paucity of Retro's contacts with the WDWA in denying Defendants' motion to transfer. (Dkt. #137 at 5-6.) Defendants created the factual record on which their motion to transfer was based. Accordingly, they now must rely on that record on their motion for reconsideration. In their reply, Defendants are unable to present any additional facts or arguments that would support their motion or refute the Court's findings made with respect to Retro's contacts with WDWA.

Finally, contrary to Defendants' assertions, Motion Games has not contradicted the "stream of commerce" arguments that it made in opposition to Retro's failed motion to dismiss. Indeed, the Court itself saw no inconsistency between the stream of commerce theory and the transfer question, as demonstrated by its denial of Defendants' motion to transfer to WDWA *after* denying Retro's motion to dismiss. (*See* Dkt. #136 (adopting recommendation in Dkt. #126 to deny Retro's Motion to Dismiss); Dkt. #137 (denying Defendants' Motion to Transfer); *see also* Dkt. #172 (overruling Defendants' objections to order denying transfer).) In Opposition to the motion to sever and stay, Motion Games simply pointed out the Court's prior findings with respect to NCL's and Retro's contacts with the WDWA and noted that Defendants had not attempted to remedy that defect.[1] Motion Games argued that, along with the balance of convenience factors, the record did not support transfer, even if the retailer defendants were taken

---

[1] Indeed, Defendants have carefully avoided conceding that Retro is subject to jurisdiction even in this District, let alone demonstrating that Retro was subject to jurisdiction in WDWA based on that theory.

3

out of the equation. (Dkt. #183 at 9.) In any event, the fact remains that this Court denied transfer based on a fully developed record which shows that Retro is located in Texas, is not a retailer, and is not a "secondary" or "peripheral" defendant. Retro's presence in the case tilts the balance of convenience away from the WDWA and into this district and distinguishes the present case from *Nintendo III*.

**III. CONCLUSION**

For all the foregoing reasons, Motion Games respectfully requests that the Court deny Defendants' motion and permit this case to proceed expeditiously to trial in Plaintiff's chosen forum.

Dated: August 11, 2014                                      Respectfully submitted,

/s/ *Richard S. Meyer*
Gregory P. Love
Texas Bar No. 24013060
**LOVE LAW FIRM P C**
P. O. Box 948
Henderson, Texas 75653
Telephone: (903) 690-7100
Facsimile:   (903) 392-2267
greg@lovetrialfirm.com

Michael A. O'Shea (*pro hac vice*)
Leonard C. Suchyta
**HUNTON & WILLIAMS LLP**
2200 Pennsylvania Avenue NW
Washington, DC 21500
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Joshua M. Kalb
**HUNTON & WILLIAMS LLP**
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, GA 30308
Telephone: (404) 888-4000

Facsimile: (404) 888-4190

William A. Isaacson
D. Michael Underhill
Richard S. Meyer
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, NW
Washington, DC 20015
Telephone: (202) -237-2727
Facsimile: (202) 237-6131
E-mail: wisaacson@bsfllp.com
E-mail: munderhill@bsfllp.com
E-mail: rmeyer@bsfllp.com

*ATTORNEYS FOR PLAINTIFF*
Motion Games, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 11th day of August, 2014. Any other counsel of record will be served via first class mail.

                                               /s/ Gregory P. Love
                                               Gregory P. Love