UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MOTION GAMES, LLC<br><br>    Plaintiff,<br><br>v.<br><br>NINTENDO CO., LTD; NINTENDO OF AMERICA, INC.; RETRO STUDIOS, INC.; RENT-A-CENTER, INC.; and GAMESTOP CORP.,<br><br>    Defendants. | Case No. 6:12-cv-878-JDL<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF MOTION GAMES, LLC'S RESPONSE TO
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF MOTION TO STAY PENDING INTER PARTES REVIEW (DKT. 176)**

      Plaintiff, Motion Games, LLC ("Motion Games") disagrees with Defendants' allegations that the circumstance*s* warranting a stay in *PersonalWeb Technologies, LLC v. Google, Inc*., No. 5:13-CV-01317-EJD (N.D. Cal.) are "substantially similar" to those in this case. The circumstances in the *PersonalWeb* Order are distinctly different and readily distinguishable. In *PersonalWeb,* 12 patent infringement lawsuits alleging infringement of eight patents were filed against 21 separate defendants. [Dkt. 197-1 at 3.] Some defendants filed petitions requesting *Inter Partes* Review (IPR) of six of the eight asserted patents. [*Id*.] Prior to the *PersonalWeb* Order attached to Defendants' Notice, the Patent Office not only instituted IPR's but ***also issued final written decisions finding invalid*** all 21 patent claims at issue in the six patents. [*Id*.] The *PersonalWeb* Order related to subsequent IPR petitions concerning additional claims of one of the same patents involved in the IPRs, as well as claims of a related patent, all of which stemmed from the same family of patents as the already invalid claims. [*Id.* at 3, 9.] By contrast, no claims

of any related Motion Games patents have been invalidated by the Patent Office and the IPRs instituted for the asserted patents are still pending.

In addition, the *PersonalWeb* action also involved a pending arbitration between plaintiffs and a third party, which the Court deemed highly relevant to the litigation. Indeed, the Court found in that case that it was possible that the "outcome of the arbitration could threaten the very existence of [that] lawsuit." [*Id.* at 8.] There is no such arbitration or ancillary proceeding in this case.

Accordingly, Plaintiff respectfully submits that, for at least the foregoing reasons, the order of the California court in *PersonalWeb* involved greatly different circumstances, which have no relation to and do no assist Defendants' motion to stay pending IPR (Dkt. 176.)

Dated: August 29, 2014                    Respectfully submitted,

<div style="margin-left: 40%;">

/s/ *Richard S. Meyer*
William A. Isaacson
D. Michael Underhill
Richard S. Meyer
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
Telephone: 202.237.2727
Fax: 202.237.6131
E-mail: wisaacson@bsfllp.com
E-mail: munderhill@bsfllp.com
E-mail: rmeyer@bsfllp.com

Gregory P. Love
Texas Bar No. 24013060
LOVE LAW FIRM, PC
P. O. Box 948
Henderson, Texas 75653
903.690.7100
903.392.2267(Fax)
greg@lovetrialfirm.com

Michael A. O'Shea
Leonard C. Suchyta
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue NW
Washington, DC 21500
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Joshua M. Kalb
HUNTON & WILLIAMS LLP
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, GA 30308
Telephone: (404) 888-4000
Facsimile: (404) 888-4190

Attorneys for Plaintiff Motion Games, LLC

</div>

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 29th day of August 2014.

*/s/ Gregory P. Love*
Gregory P. Love