# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MOTION GAMES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NINTENDO CO., LTD.; NINTENDO OF AMERICA INC.; RETRO STUDIOS, INC.; RENT-A-CENTER, INC.; and GAMESTOP CORP., <br><br> Defendants. | Case No. 6:12-cv-878-JDL <br><br> JURY TRIAL DEMANDED |

**EMERGENCY MOTION OF MOTION GAMES, LLC TO COMPEL DEFENDANTS NINTENDO OF AMERICA, INC., RETRO STUDIOS, INC., RENT-A-CENTER, INC., AND GAMESTOP CORP. TO ATTEND DEPOSITIONS**

Plaintiff Motion Games, LLC ("Motion Games"), pursuant to Federal Rules of Civil Procedure 30 and 37, moves the Court for an order compelling Defendants Nintendo of America Inc., Retro Studios, Inc. ("Retro"), Rent-A-Center, Inc. ("RAC"), and GameStop Corp. ("GameStop") (collectively "Defendants") to designate and produce representatives to provide testimony in accordance with the notices of deposition served upon them in this case. [Ex. 6.][1] In addition, given Defendants' unreasonable and unjustified conduct, Motion Games respectfully requests that the Court order the Defendants to reimburse Motion Games' reasonable attorney's fees incurred in pursuing this motion, and any other relief the Court deems appropriate.

## I. Introduction

Defendants have refused to provide any Rule 30(b)(6) witnesses for all topics noticed by Motion Games until after the Court issues its ruling on Defendants' motions to stay and transfer.

Local Rule CV-26(a) is clear: there are "no excuses" for withholding discovery while a motion is pending before the Court. Yet, excuses are all that Defendants have offered for refusing to provide discovery that Motion Games is unquestionably entitled to – Rule 30(b)(6) depositions of each of the Defendants. Defendants' conduct is extraordinary, as it was designed to effectuate a *unilateral* stay of discovery in this case for over two months by unreasonably delaying discovery, while feigning compliance and cooperation. Indeed, Defendants waited until *yesterday* (September 8, 2014) to inform Motion Games that they would refuse to comply with depositions first noticed on July 2, 2014 – over two months ago. Defendants just now informed Motion Games of their refusal, despite meeting and conferring on those same notices on August 12, and indicating as recently as September 2 that they were "looking into scheduling" the depositions. Given the proximity of critical deadlines – including opening expert reports due on

---

[1] Reference to "Ex." herein refers to the exhibits attached to the Declaration of Andrew A. Stulce in Support of Motion to Compel (the "Stulce Dec.") filed herewith.

1

December 14, 2014 – Defendants' gamesmanship in refusing discovery clearly violates the "no excuses" provision in the local rules. Such gamesmanship has prejudiced Motion Games. Motion Games respectfully requests this Court to compel Defendants to provide 30(b)(6) witnesses as noticed.

This is not a legitimate dispute over which reasonable minds may differ. Defendants cannot dispute that (1) Motion Games is entitled to the discovery it seeks; (2) the Defendants are not permitted to ignore or refuse to comply with deposition notices; and (3) the case has not been stayed nor transferred despite Defendants' repeated motions. Thus, there is no justification for Defendants' discovery delays of more than two months, let alone their complete refusal to comply with properly served deposition notices. Defendants' conduct – *i.e.* refusing to participate in discovery until the Court issues its ruling on their motions to stay – has created an improper, unilateral *de facto* stay, which other defendants no doubt will seek to imitate if condoned by the Court. Given Defendants' baseless positions that are in clear violation of the local rules, and their obfuscation tactics, Motion Games respectfully requests the Court also award it its fees for bringing this motion to compel, as well as any other relief deemed appropriate.

**II.    Factual Background**

**A. Defendants' Prior Motions to Transfer and Stay Were Denied.**

Defendants filed their first motion to transfer this case on March 4, 2013. [Dkt. No. 34.] That motion was denied by this Court. [Dkt. No. 137.] Defendants filed objections to that Order. [Dkt. No. 143.] Those objections were overruled by Judge Davis. [Dkt. No. 172.] While Defendants' first motion to transfer was pending, Defendants filed a motion to stay this case. [Dkt. No. 121.] The Court denied that motion as moot. [Dkt. No. 137.]

Undeterred, Defendants took a second bite at the apple by filing a second motion to transfer this case, this time couched as a Motion to Sever and Stay Case Against Retailer Defendants and to Reconsider Denial of Transfer of Venue as to Remaining Defendants on July 3, 2014 (the "Motion to Sever, Stay, and Transfer"). [Dkt. No. 178.] Motion Games explained why that motion was baseless, untimely, and based on a false premise of allegedly "new authority." [Dkt. No. 183.] That motion is pending.

Defendants also filed a motion to stay pending the outcome of the *inter partes* review ("IPR") requested by Nintendo of America Inc., which was instituted on June 25, 2014. [Dkt. No. 176.] That motion was filed after claim construction in this case was completed on May 6, 2014 [Dkt. Nos. 152, 155, 161] (including the *Markman* hearing held on May 15, 2014) and over a month after the IPR institution decision on May 19, 2014. That motion is also pending.

Thus, each of the motions at issue was pending as of ***July 3, 2014***.

### B. Defendants Misled Motion Games and Intentionally Delayed Discovery While Awaiting a Decision on their Pending Motions.

On July 2, 2014, Motion Games served notices of deposition on all defendants in this case. [Exs. 1 and 2.] The notices were for basic, custodial Rule 30(b)(6) depositions – an important step in discovery to identify relevant persons for depositions and email discovery, and to explore Defendants' document productions prior to substantive depositions. As required by Rule 30(b)(1), the notices set a date and time for each deposition. Motion Games also offered to work with the Defendants if the dates of the deposition were an issue for any of the parties. [Ex. 1.]

On July 10, 2014, Defendants informed Motion Games by email that none of the Defendants would produce witnesses on the dates noticed. [*Id.*] However, Defendants stated that they were "***working with the defendants to determine workable dates and locations***." [*Id.*

3

(emphasis added).] Defendants declined to participate in a meet and confer call with counsel for Motion Games at that time, but again stated that Defendants were "***still investigating dates***" for the depositions. *[Id.* (emphasis added).] Based on this representation, Motion Games reasonably believed that Defendants were not refusing discovery.

After several more days passed and Defendants had not proposed any alternative dates or locations for the depositions, Motion Games followed-up with Defendants on July 14 and emphasized the need to conduct the custodial depositions. [*Id.*] Defendants responded on July 15, accusing Motion Games of engaging in an "unrealistic and improper approach" by serving deposition notices on each of the Defendants with "only" two-weeks notice, despite the fact that Motion Games offered to work with the Defendants on scheduling. [*Id.*] Defendants again refused to even schedule a meet-and-confer call until after serving objections to the topics in Motion Games' July 2 notices. [*Id.*]

On July 30, 2014, after another two weeks passed and Motion Games did not receive objections or dates for the depositions from any of the Defendants, Motion Games sent a follow-up email to Defendants. [*Id.*] In the July 30 email, Motion Games stated that while it was still "willing to make accommodations on times and location for the depositions" it would re-notice the date for the depositions because the "[first] notices were served four weeks ago, and [Defendants'] sole response to date has been to inform [Motion Games] that [Defendants] would not attend the noticed depositions and that [they] would be serving objections at some future date." [*Id.*] The topics listed in the July 30 notices were substantively identical to those listed in the July 2 notices and set the new dates for the depositions as August 12 and 13. [Ex. 3].

Defendants responded on July 31, again stating that ***none*** of the Defendants were available for deposition on the newly noticed dates. [Ex. 1.] Defendants only excuse for

4

delaying the depositions for nearly a month was that "[they] are not aware of any pressing urgency for these depositions, which address non-substantive topics related to document collection and retention." [*Id.*] Motion Games responded the next day, explaining that "pressing urgency is not a prerequisite for noticing a deposition" and emphasized that "these custodial depositions are foundational depositions required to identify and request additional depositions, email, and other discovery necessary to move this case forward." [*Id.*] At no point did Defendants even hint that they would refuse to provide witnesses and instead would seek to stay the entire litigation in view of their pending motions.

It was not until August 7, 2014 – another full week later — that three of the five Defendants served objections to the deposition notices. [Ex. 4.] Motion Games responded on August 8, again informing Defendants that while Motion Games "remain[s] willing to accommodate reasonable efforts to reschedule" the depositions, it "cannot agree to anything until [Defendants] suggest alternative dates and locations" for the depositions. [*Id.*] Defendants responded on August 8, stating that "[b]efore we proceed, we need to be clear on the scope of the depositions, so we may identify the proper corporate witnesses to testify and determine availability." [*Id.*] Defendants further stated that "once we resolve the scope and location issues, **we can produce the appropriate witnesses.**" [*Id.* (emphasis added).] Defendants even provided potential dates for one of the Defendants ("***[o]ur objective is to provide a witness for NOA*** on August 27, or September 3 or 4, in Seattle") and represented that they would "work with [Motion Games] on setting a date that works for all parties." [*Id*. (emphasis added).] In view of these representations, Motion Games again reasonably believed that Defendants would provide witnesses for the Rule 30(b)(6) depositions and thereby released the Defendants from the noticed dates and agreed to a meet and confer on Defendants' objections. [*Id.*]

5

On August 12, 2014, counsel for the parties participated in a meet-and-confer call regarding the scope of the topics noticed in the July 2 and 30 notices. As a result of the urging of Defendants' counsel during the August 12 meet-and-confer call, Motion Games agreed to review certain of the topics in the July 30 notices, and Defendants' counsel agreed to confer with their clients about providing testimony on certain other topics.

**C. Defendants Finally Reveal Their Intent to Refuse the Noticed Discovery.**

On September 2, 2014, in accordance with the parties' agreement during the August 12 meet and confer, Motion Games again served amended deposition notices on four of the five Defendants. [Exs. 5 and 6.] The September 2 notices simplified and consolidated topics that were previously included in the July 2 and 30 notices, and reworded some of the topics for clarity. Motion Games once again reiterated its willingness to accommodate Defendants' requests for alternative dates and locations for the noticed depositions. [Ex. 5.] On September 3, Defendants stated that they would again "look into scheduling" the depositions and that they would respond by the end of the week. [*Id.*] When the end of the week came and went without a response from any of the Defendants, Motion Games sent an email confirming that the depositions would go forward as noticed. [*Id.*]

On September 8, 2014, nearly a week after receiving the second amended notices, and after repeatedly representing to Motion Games that they were working on scheduling the depositions, Defendants not only refused to produce witnesses on the dates noticed in the September 2 notices, but to Motion Games' utter surprise, Defendants, for the first time, took the position that because of the pendency of (i) their Motion to Stay Pending *Inter Partes* Review (Dkt. #176), and (ii) their Motion to Sever, Stay, and Transfer (Dkt. #178), they will not participate ***in any further fact discovery***—including by producing witnesses in response to the

September 2 notices. [Ex. 5.] Indeed, in the meet and confer on this motion held today, Defendants stated they would be filing yet another motion to stay the case, allegedly due to Motion Games' deposition notices.[2]

## III. Law and Analysis

### A. Legal Standard.

When served with notice under Federal Rule of Civil Procedure 30(b)(6), a corporate party must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify of its behalf . . . . The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). When a corporate party fails to make a designation under Rule 30(b)(6), the party seeking discovery such a designation may move for an order compelling the testimony sought. Fed. R. Civ. P. 37(a)(3)(B). Courts routinely grant motions to compel where corporate parties fail to provide testimony in response to a deposition notice under Rule 30(b)(6). *E.g.*, *Metzler/Austin Restaurant Corp. v. Benihana Nat'l Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *9-12 (W.D. Tex. June 10, 2013).

Under the Local Rules of this Court, "a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue." Local Rule CV-26(a), entitled "No Excuses."

Rule 37 discusses the consequences of failure to make disclosures or otherwise cooperate in the discovery process. *See, e.g.*, Rule 37(a)(3)(A) (motion to compel a disclosure required by Rule 26(a)); 37(a)(3)(B) (motion to compel an answer, designation, production, or inspection); 37(a)(4) (evasive or incomplete disclosures treated as a failure to disclose). If a motion to compel

---

[2] In order to minimize the impact on the Court, the parties agreed to limit briefing on these issues to initial briefs filed today and opposition briefs due September 18, 2014. There will be no replies or sur-replies.

is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); s*ee also Stambler v. Amazon.com, Inc*., No. 2:09-cv-310, at *7, 11, 14, 15, 19 (E.D. Tex. May 23, 2011) (requiring parties to "show cause why they should not 'pay [the opposing party's] reasonable expenses incurred in making the motion]'") [attached as Ex. 7].

IV. **Argument**

A. **Defendants Unilateral Decision to Refuse Discovery Is Improper.**

Local Rule CV-26(a) specifically prohibits Defendants' unilateral refusal to provide all discovery until their repeated pending motions to transfer and stay this case are decided. That rule states, unequivocally, that there are "No Excuses" for not providing discovery. Courts have rejected arguments similar to those advanced by the Defendants here. *See, e.g.*, *ATEN Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 122 (E.D. Tex. 2009) (defendant was not excused from providing discovery where the court had not yet ruled on its motions to dismiss or transfer venue).

The Defendants have been on notice since early July that Motion Games sought testimony on the topics listed in the September 2 notices, which are directed at important foundational discovery issues, such as identifying proper deponents, e-mail custodians and search terms, and relevant documents. Accordingly, the Defendants' failure to timely designate and produce corporate representatives to testify on the listed topics is improper under the Federal Rules and the Local Rules of this Court. It finally became clear yesterday that an order compelling Defendants' compliance is required.

Moreover, Defendants' refusal to provide discovery has been, and continues to be, designed to prejudice Motion Games because of where the case is in the schedule. Claim construction briefing and the *Markman* hearing occurred months ago, and opening expert reports are due in only three months. Motion Games must take discovery, including depositions, of five defendants, one of which (Nintendo Co. Ltd.) has recently indicated that it will refuse to produce witnesses in the United States, thereby requiring the parties to brief that issue or, potentially, take an international trip of a week or longer for depositions. In addition, Motion Games must travel to Taiwan to review source code for one component of the Accused Products. [Dkt. No. 198.] There simply is no time left in the schedule for Defendants' antics.

## B. The Defendants' Gamesmanship in Delaying Discovery While Misleading Motion Games Was Inappropriate.

Defendants' conduct once again displays their intent to grind this litigation to a halt—this time by failing to meet their discovery obligations. As detailed in Motion Games' briefs in opposition to the Stay/Transfer Motions (Dkt. #182, 183, 190, 191), Defendants' strategy in this case is simple: impose unnecessary delays and inconveniences on Motion Games in an effort to delay or discourage Motion Games from pursuing its rights in this litigation.

Defendants' objectionable conduct in outright refusing discovery is heightened by their prior conduct in misleading Motion Games for months. In effect, Defendants' dilatory conduct ***unilaterally*** instituted a two-month stay in providing the requested depositions while they waited for the Court to rule on their motions. Only when they could no longer delay the properly noticed depositions did they finally reveal their true intention: to refuse discovery until their motions were decided.

As noted above, on three different occasions, Motion Games noticed Rule 30(b)(6) depositions of the Defendants. Throughout the process of trying to obtain deposition testimony

on the topics described in the deposition notices, Motion Games worked through alleged objections and has been willing to work with opposing counsel to find mutually agreeable dates and locations for the depositions of the Defendants. Despite much correspondence among counsel for the parties, (*see*, *e.g.*, Exs. 1, 3, and 4), and a meet-and-confer call on their objections, Defendants never indicated until ***yesterday*** that they would decline to produce any witnesses until their pending motions were decided. In fact, it was quite the opposite. Defendants' purposefully misled Motion Games to believe that they would provide witnesses and that they were simply working through objections and scheduling issues.

Now, almost 70 days after the July 2 notices were served and with important deadlines looming — including opening expert reports just three months away — the Defendants have refused to provide any further discovery until the Court decides their pending motions. As noted above, their arguments find no support in the law. But the conduct leading up to this revelation is even more egregious because it was clearly designed to unilaterally stay these proceedings in direct violation of the Local Rules, and also to force Motion Games to waste time and resources to prepare for and schedule depositions that the Defendants had no intention of attending.

### C. Attorney Fees and Costs Are Appropriate.

Motion Games is very mindful of this Court's conservative practice in granting requests for attorney fees and costs as a sanction. As noted above, however, the present motion does not present a legitimate dispute. The "No Excuses" provisions of the Local Rules are clear. And so is Defendants' misleading and dilatory conduct designed to delay and frustrate Motion Games' discovery efforts. While inapplicable in this case given the Court's denial of Defendant's' prior motions and the impending case deadlines, the proper procedure Defendants should have followed would have been to (i) inform Motion Games in early July right after receipt of the

deposition notices of their position that they would not provide discovery and (ii) move for a protective order to permit them not to produce witnesses. *See* Fed. R. Civ. P. 26(c). Instead, they led Motion Games into believing for weeks and weeks that they would produce witnesses, effectively wasting precious time in the discovery schedule. Even under this Court's conservative approach, modest sanctions for the fees and costs of bringing this motion are appropriate and will discourage future parties from such conduct. *See, e.g., Ceats, Inc., v. Continental Airlines, Inc.*, No. 6:10-cv-120, at *3 (E.D. Tex. January 5, 2012) ("'Rule 37 sanctions may be applied both to penalize conduct that warrants sanctions and to deter those who might be tempted to such conduct in the absence of such deterrent.'") (quoting *CSI Inv. Partners II, L.P. v. Cendant Corp.*, 507 F. Supp. 2d 384, 435 (S.D.N.Y. 2007) (internal quotation marks omitted)) [attached as Ex. 8].

Indeed, with exceptions inapplicable here, a party that brings a motion to compel normally is entitled to recover its expenses, including attorney's fees, in bringing its motion if the motion is granted or the requested discovery is provided after the motion is filed. Fed. R. Civ. P. 37(a)(5); s*ee also Stambler*, No. 2:09-cv-310, at *7, 11, 14, 15, 19 (E.D. Tex. May 23, 2011). [attached as Ex. 7]. Motion Games respectfully submits that reimbursement of its reasonable attorney fees and costs from the Defendants is appropriate and stands ready to offer evidence of the amount of fees and cost incurred in bringing this motion at the appropriate time.

## V. Conclusion

For the foregoing reasons, Motion Games respectfully requests that the Court enter an order compelling the Defendants to designate and produce representatives to provide testimony in accordance with the September 2 notices. Motion Games also requests that it be awarded its fees for having to bring this motion, and any other relief that the Court deems appropriate.

Dated: September 9, 2014                     Respectfully submitted,


/s/ *Gregory P. Love*
Gregory P. Love
Texas Bar No. 24013060
**LOVE LAW FIRM**
P. O. Box 948
Henderson, Texas 75653
Telephone: (903) 690-7100
Facsimile: (903) 392-2267
greg@lovetrialfirm.com

Michael A. O'Shea (*pro hac vice*)
Leonard C. Suchyta
**HUNTON & WILLIAMS LLP**
2200 Pennsylvania Avenue NW
Washington, DC 21500
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Joshua M. Kalb
Andrew A. Stulce
**HUNTON & WILLIAMS LLP**
Bank of America Plaza, Suite 4100
600 Peachtree Street, N.E.
Atlanta, GA 30308
Telephone: (404) 888-4000
Facsimile: (404) 888-4190

D. Michael Underhill
Richard S. Meyer
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, NW
Washington, DC 20015
Telephone: (202) -237-2727
Facsimile: (202) 237-6131
E-mail: munderhill@bsfllp.com
E-mail: rmeyer@bsfllp.com

*ATTORNEYS FOR PLAINTIFF*
Motion Games, LLC

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants have met and conferred in good faith pursuant to Local Rule CV-7(h), and the motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on September 9, 2014, and was attended by local and lead counsel for each party (For Plaintiff – Richard Meyer, Patrick Lafferty, Andrew Stulce, Josh Kalb, and Greg Love; for Defendants – Brian Roche, Trey Yarborough, Jennifer DePriest, Vanessa Heftman, and Jennifer Doan). During the meet and confer, the parties discussed the substance of the information sought in the motion to compel. The discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

*/s/ Richard Meyer*
Richard Meyer

*/s/ Gregory P. Love*
Gregory P. Love

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 9th day of September, 2014. Any other counsel of record will be served via first class mail.

/s/ Gregory P. Love
Gregory P. Love