# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MOTION GAMES, LLC § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> NINTENDO CO., LTD.; *et al.* § <br> Defendants. § | Cause No. 6:12-cv-878-JDL <br><br> **JURY TRIAL DEMANDED** |

## MEMORANDUM OPINION AND ORDER

Before the Court is Motion Games, LLC's ("Motion Games") Motion to Compel Nintendo Corporation, Ltd. ("NCL") to Produce Its Witnesses in the United States (Doc. No. 209) ("MOTION"). NCL filed a response in opposition to the motion (Doc. No. 217) ("RESPONSE"), Motion Games filed a reply ("REPLY") (Doc. No. 219), and NCL filed a sur-reply ("SUR-REPLY") (Doc. No. 222). Having considered the applicable law, the briefs by both parties, and the relevant evidence, the Court finds that Motion Games' motion should be **DENIED**.

## BACKGROUND

NCL is headquartered in Kyoto, Japan and is a corporation organized under the laws of Japan. (Doc. No. 217-1, at ¶ 2). NCL's Integrated Research and Development Division was mainly responsible for the design and development of the accused Wii system and is located in Japan. (Doc. No. 34-30, ¶ 4). NCL's employees are also responsible for the design and testing of the Wii console and the development of all Nintendo hardware systems and all Nintendo software for the Wii console. These activities are primarily performed at Nintendo's headquarters in Kyoto, Japan. *Id.* In its discovery responses and disclosures in this litigation, NCL identified potential witnesses who work at NCL's headquarters in Kyoto, Japan. All of the

identified potential witnesses reside in Japan, and their employment "revolves around NCL's headquarters in Japan." *Id.* at ¶4.

All depositions in Japan must occur at the U.S. Consulate in Tokyo or Osaka and follow applicable Japanese regulations. The U.S. Consulate of Japan informs prospective attorneys:

> Taking a deposition in Japan can be complex; depositions are controlled by detailed agreements between the United States and the Government of Japan, and procedures cannot be modified or circumvented. Orders by U.S. courts cannot compel the Government of Japan to amend or overlook its judicial regulations and procedures. In addition, the Embassy cannot compel the Government of Japan to act faster, or in a way more convenient or beneficial to any party, even with a U.S. court order requesting such action.

Parties must follow *inter alia* the below rules when conducting a deposition in Japan:

- At least six weeks before the deposition, the Consulate must receive an original certified copy of a District Court order commissioning the deposition;
- Once the Court enters the commission, each non-Japanese citizen attending the deposition must secure a special deposition visa.
- Only the individuals specifically identified in the Court's commission are eligible for a deposition visa, or even entry into the deposition room.
- Only two deposition rooms are available in Osaka, and are subject to availability.
- The deposition rooms are only available each day from 9-12:30 and 1:30-5:00 (7 hours total).
- Any electronic equipment brought to the deposition must be pre-approved by the Consulate at least two weeks in advance, and wireless or Bluetooth communication is prohibited. Pre-approval of an electronic device requires sending the make, model, and serial number of each device.
- Cell phones are strictly prohibited.

(Doc. No. 217-5); *Depositions in Japan*, Embassy of the United States: Tokyo, Japan (October 16, 2014, 11:50 AM), http://japan.usembassy.gov/e/acs/tacs-7116.html.

Motion Games served its first notices of deposition on July 2, 2014 and proposed Dallas, Texas as the location. On July 30, Motion Games amended its 30(b)(6) notices and changed the location of all the depositions to Seattle, Washington. On August 7, in response to Motion Games' first 30(b)(6) deposition notice, NCL stated, "NCL objects to the proposed location for

this deposition as improper and unduly burdensome, as it has been noticed at a location other NCL's principal place of business. . . NCL will produce its corporate representatives at a United States consulate in Osaka, Japan." (Doc. No. 209-3, at ¶1) (internal citations omitted).

On September 3, Motion Games served its second amended custodial depositions and proposed Tyler, Texas as the location for the deposition. (Doc. No. 209-4). Motion Games then proposed Seattle or Redmond, Washington as an alternative location. On September 12, Motion Games proposed taking the depositions of the NCL witnesses located in Japan "anywhere in the US mainland or Hawaii." (Doc. No. 209-8). Motion Games has also offered to pay for half of the witnesses' airfare.

NCL scheduled and paid the required deposit for the depositions to be held at the U.S. Consulate in Osaka, Japan for the week of November 10, 2014. On September 22 counsel for NCL advised counsel for Motion games that the U.S. Consulate in Osaka had confirmed availability for the depositions scheduled for the week of November 10 and that the reservation would remain open while this motion was pending. Motion Games has not attempted to arrange depositions in Japan. NCL has yet to designate witnesses to testify on its behalf.

## **LEGAL STANDARD**

"It is well settled that '[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when . . . the corporation is a defendant." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (internal citations omitted). "This presumption is based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum." *Tailift USA, Inc. v. Tailift Co.*, No. Civ.A.3:03–CV–0196–M., 2004 WL 722244, at *1 (N.D. Tex. Mar. 26, 2004) (citing *Payton v. Sears, Roebuck & Co.*, 148 F.R.D. 667, 669 (N.D. Ga. 1993)). However, a party may persuade the court to permit

the deposition elsewhere by showing that "peculiar" or "extraordinary" circumstances exist. *See Salter*, 593 F.2d at 652.

Among the factors analyzed in determining whether such "peculiar circumstances" exist are: (1) whether the parties' counsel are located in the forum district, (2) the number of corporate representatives the plaintiff seeks to depose, (3) whether the defendant has chosen a corporate representative that lives outside the principal place of business and forum district, (4) the likelihood of significant discovery disputes that require the court's resolution, (5) whether the deponents often travel for business purposes, and (6) the equities related to the nature of the claim and the parties' relationship. *Mediatek, Inc. v. Sanyo Electric Co. Ltd.*, No. 6:05 CV 323, 2006 WL 5709449, at *1 (E.D. Tex. Aug. 9, 2006), *Cadent Ltd. v. 3M Unitek Corp.,* 232 F.R.D. 625, 628 (C.D. Cal.2005); *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.,* 147 F.R.D. 125, 127 (N.D. Tex.1992).

When considering the equities related to the nature of the claim and the parties' relationship, courts often look at whether the time, expense, and inconvenience of travel present special hardship for the deponent and the ability of the court to intervene should disputes arise. Some courts find these factors to be "the more significant factors." *New Medium Techonologies LLC v. Barco N.V.*, 242 F.R.D. 460, 467 (N.D. Ill 2007) (citing *Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1365 (7th Cir. 1985); *Custom Form Mfg. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000); *In re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 538 (D. Md. 1996)); *see also Mediatek*, 2006 WL 5709449, at *2.

## ANALYSIS

Motion Games argues that taking depositions in the United States would increase the efficiency, fairness, and cost-effectiveness of conducting discovery in this case. Motion Games states that "the policies of Japan and the consulate create an arcane and restrictive process that [] stifles discovery and increases expenses." MOTION at 6. In particular, Motion Games objects to the lack of flexibility as to attorneys, translators, court reporters, and potential witnesses that Motion Games learns of during the depositions. MOTION at 6-7. Motion Games also notes that the time difference and the prohibition of calls from the consulate preclude the court from effectively being able to intervene during any discovery dispute. Furthermore, Motion Games contends that disputes are likely in light of defendants' "on-going attempt to obfuscate and delay discovery" and NCL's adoption of "unreasonably narrow interpretations of numerous topics." *Id.*; REPLY at 2.

NCL argues that Motion Games fails to show peculiar or extraordinary circumstances exist, and, therefore, Motion Games has failed to overturn the presumption that corporate representative witnesses be deposed at or near its principal place of business. NCL contends that requiring its employees to travel to Hawaii or Washington for a deposition would place the convenience of plaintiff's counsel above that of the defendant's witnesses. NCL further argues that any scheduling difficulties that arise from the rules of depositions in Japan are largely the result of Motion Games' failure to plan appropriately. They contend that Motion Games' arguments could be applied to any case involving a foreign corporate defendant, and, as such, compelling these depositions to take place in the United States would "eviscerate the general, settled rule." RESPONSE at 12.

The circumstances of this case are not peculiar or extraordinary as to permit a departure from the general rule that a corporation's designees be deposed at or near the corporation's principal place of business. *Salter*, 593 F.2d at 651. Motion Games notes that there is a fourteen-hour time difference between Tyler, Texas and Osaka, Japan. The vastly different time zones certainly eliminate the availability of the discovery hotline and hinder the Court's resolution of disputes that may arise during discovery. However, "courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum." *Fawquhar v. Sheldon*, 116 F.R.D 70, 72 (E.D. Mich. 1987). As such, the time difference is not sufficient to justify a departure from the general rule because such a finding would allow plaintiffs to require nearly all foreign witnesses to be deposed in the United States.

Motion Games' argues that the circumstances of this case are "peculiar" because NCL, based on its actions in the present litigation, will likely obstruct discovery or that disputes are likely. RESPONSE at 2. This argument is unconvincing and it fails to take into account the availability for subsequent court-ordered remedies. First, Motion Games does not support its contention that NCL has adopted unreasonably narrow interpretations of numerous topics. Second, while it is true that the defendants argued and pursued legal strategies for staying the case pending *inter partes* review and relocating venue, these motions, although ultimately unsuccessful, had a valid legal basis.[1] As such, Motion Games' attempt to equate these strategies with bad faith or dilatory tactics during discovery is unpersuasive.

In sum, Motion Games' contends that taking depositions in Japan will be difficult and expensive for Motion Games' counsel due to the distance and rigid requirements of Japanese

---

[1] Although NCL's previous motions are considered separate from the instant motion, the Court notes that defendants have repeatedly moved to stay, transfer, reconsider, or otherwise interrupt or delay the progress of the litigation. The Court cautions the defendants that, at some point, these repetitious motions may appear to be obstructionist.

law. As such, Motion Games, in essence, asks the Court to find that deposing corporate representative witnesses in Japan is *per se* peculiar or extraordinary. Although the costs of holding depositions in Japan are high and the rules are rigid, Motion Games could have – and still can – mitigate these concerns with proper planning. Thus, the Court finds that peculiar or extraordinary circumstances do not exist in this cause, and, therefore, will not depart from the general rule that corporate representative witnesses should be deposed in or near the corporation's principle place of business.

## **ORDER**

The circumstances of the present litigation do not justify a break from the general rule. Accordingly, Motion Games' Motion to Compel Defendant NCL to Produce Its Witnesses in the United States (Doc. No. 209) is **DENIED**.

In denying the present motion, the Court is mindful of the deadlines set forth in the Docket Control Order and the time and expense of deposing witnesses in Japan. As such, the Court expects that NCL will not delay in designating witnesses and that those witnesses will be prepared for the depositions. If NCL's witnesses are unprepared for the depositions or the completion of the depositions within the allotted time is frustrated by improper obstruction or delay, NCL risks an order to pay Motion Games' costs, an order to extend the discovery deadline, an order for supplemental 30(b)(6) depositions to be produced within the United States, or additional appropriate remedies.

**So ORDERED and SIGNED this 16th day of October, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE