# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MOTION GAMES, LLC §<br>Plaintiff, §<br>§<br>§<br>vs. §<br>§<br>§<br>NINTENDO CO., LTD.; *et al.* §<br>Defendants. § | Cause No. 6:12-cv-878-JDL<br><br>**JURY TRIAL DEMANDED** |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants'[1] Motion for Summary Judgment of Invalidity for Indefiniteness of Claims 34, 40, and 41 of United States Patent No. 6,167,607 (the "'607 patent"), and claims 1, 2, 3, 5, 6, 11, 12 and 13 of United States Patent No. 7,843,429 (the "'429 patent"), (Doc. No. 154) ("MOTION"). Motion Games, LLC ("Motion Games") filed a response (Doc. No. 166) ("RESPONSE"). The Court heard arguments at the *Markman* hearing on May 15, 2014. For the reasons stated below, the Court **DENIES** Defendants' Motion for Summary Judgment (Doc. No. 154).

## BACKGROUND

On November 16, 2012, Motion Games filed an action against NCL, NOA, Retro, GameStop, and RAC alleging infringement of U.S. Patent No. 6,167,607 (the "'607 Patent"). Motion Games accuses Defendants of infringing the Patents-in-Suit with video game hardware,

---

[1] The Defendants are Nintendo Co., Ltd. ("NCL"), Nintendo of America Inc. ("NOA"), Retro Studios, Inc. ("Retro"), Rent-A-Center, Inc. ("RAC") and GameStop Corp. ("GameStop") (collectively "Defendants").

software, and accessories for the Nintendo Wii videogame consoles and systems and Nintendo 3DS consoles and systems. (Doc. No. 133) THIRD AMENDED COMPLAINT at ¶64. On November 21, 2012, Motion Games filed an Amended Complaint (Doc. No. 3) alleging NCL, NOA, Retro, GameStop and RAC infringe U.S. Patent Nos. 7,843,429, 7,756,297, as well as the originally asserted '607 Patent (collectively the "Patents-in-Suit"). On November 7, 2013, Motion Games filed a Second Amended Complaint (Doc. No. 107) asserting the same three patents as in the Amended Complaint. On March 21, 2014 Motion Games filed a Third Amended Complaint (Doc. No. 133) asserting the same three patents as in the Amended Complaint and Second Amended Complaint. On January 13, 2015 the parties stipulated and agreed that all claims by Motion Games under the '429 Patent shall be dismissed with prejudice. (Doc. No. 258). As such, the motion for summary judgment as it pertains to claim language in the '429 patent is moot.

Defendants move for summary judgment of invalidity for indefiniteness under 35 U.S.C. 112 ¶2. For purposes of this motion the claims at issue are claims 34, 40, and 41 of the '607 patent (collectively, the "claims at issue"). Defendants contend that the claims at issue in the '607 patent are invalid as indefinite for mixing apparatus and method limitations. MOTION at 4-9. Motion Games argues that Defendants have failed to satisfy the burden of proof for this motion by failing to provide more than attorney argument. Furthermore, Motion Games argues that the disputed claims do not impermissibly mix claim forms. Rather, Motion Games argues, the disputed language is a recitation of functional language which describes the capabilities of the claimed structures. RESPONSE at 2.

# **LEGAL STANDARD**

**I.     Summary Judgment**

"Summary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Nike Inc. v. Wolverine World Wide, Inc.,* 43 F.3d 644, 646 (Fed. Cir. 1994); FED. R. CIV. P. 56(c). The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of the genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the moving party meets this burden, the nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see also SFA Systems, LLC v. 1-800-Flowers.com, Inc.*, 940 F. Supp.2d 433, 453 (E.D. Tex. 2013); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**II.    Indefiniteness**

   **a.  Indefiniteness Standard**

Patent claims must particularly point out and distinctly claim the subject matter regarded as the invention. 35 U.S.C. § 112(b). Whether a claim meets this definiteness requirement is a matter of law. *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1344 (Fed. Cir. 2007). A party challenging the definiteness of a claim must show it is invalid by clear and convincing evidence. *Id.* at 1345. A party seeking to invalidate a patent must overcome a presumption that the patent is valid. *See* 35 U.S.C. § 282; *Microsoft Corp. v. i4i Ltd. Partnership*, -- U.S. --, 131 S. Ct. 2238, 2243 (2011); *United States Gypsum Co. v. National Gypsum Co.,* 74 F.3d 1209, 1212 (Fed. Cir. 1996). As such, the burden is on the challenging party to prove the patent's invalidity by clear

and convincing evidence. *Microsoft,* 131 S.Ct. at 2243; *United States Gypsum Co.,* 74 F.3d at 1212.

The ultimate issue is whether someone working in the relevant technical field could understand the bounds of a claim. *Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 783 (Fed. Cir. 2010). Specifically, "[a] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus Inc. v. Biosig Instruments, Inc.*, 134 S.Ct. 2120, 2124 (2014).[2]

### b. Mixed Method and Apparatus Claims

"A single patent may include claims directed to one or more of the classes of patentable subject matter, but no single claim may cover more than one subject matter class." *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367, 1374 (Fed.Cir.2008) (hereinafter "MEC"). "A single claim which claims both an apparatus and the method steps of using the apparatus is indefinite under 35 U.S.C. 112, second paragraph." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.,* 430 F.3d 1377, 1384 (Fed. Cir. 2005) (citing *Ex Parte Lyell,* No. 89–0461, 17 U.S.P.Q.2d 1548, 1550 (B.P.A.I. 1990). "The problem with mixing apparatus and method steps is that such mixed claims fail to clarify 'whether infringement would occur when one creates a system that allows the user to [perform the step] . . . or . . . when the user actually [performs the step].'" *SFA Systems, LLC v. 1-800-Flowers.com, Inc.*, 940 F. Supp. 2d 433, 455 (E.D. Tex. 2013) (citing *HTC Corp. v. IPCom GmbH & Co., KG*, 667 F.3d 1270, 1277 (Fed. Cir. 2012)). "Such a claim 'is not sufficiently precise to provide competitors with an

---

[2] The parties filed their claim construction briefs prior to the issuance of the *Nautilus* decision. In *Nautilus* the Supreme Court rejected the Federal Circuit's previous test for indefiniteness which considered whether patent claims were "amenable to construction" or "insolubly ambiguous." *Nautilus*, 134 S.Ct. at 2130 (internal citations omitted).

accurate determination of the "metes and bounds" of protection involved' and is 'ambiguous and properly rejected.'" *IPXL*, 430 F.3d at 1384 (quoting *Ex parte Lyell*, 17 U.S.P.Q.2d at 1548).

However, an apparatus claim is "not necessarily indefinite for using functional language." *MEC,* 520 F.3d at 1375; *see also In re Schreiber,* 128 F.3d 1478 (Fed. Cir. 1997). "An apparatus claim that simply contains functional limitations that describe a structure by reciting its capabilities is not an indefinite mixing of claim forms." *Beneficial Innovations, Inc. v. Advance Publications, Inc.*, 2014 WL 186301, at *2 (E.D. Tex. Jan. 14, 2014). As such, whether claim language is indefinite for improperly mixing claim forms depends on whether the language used is directed at user actions or system capabilities. *See In re Katz Interactive Call Processing Patent Litigation,* 639 F.3d 1303, 1318 (Fed. Cir. 2011).

The axiomatic cases of mixed method and apparatus claims have specific language directed to user actions, such as "wherein . . . the user uses," "wherein . . . callers digitally enter data," *IPXL Holdings*, 430 F.3d at 1384, and ''wherein . . . callers provide . . . data.'' *In re Katz*, 639 F.3d at 1318. This Court has also found that a disputed claim that necessitates the actual use of the claimed apparatus impermissibly mixes method and apparatus claims. *See UltimatePointer, L.L.C. v. Nintendo Co., Ltd.*, Nos. 6:11–cv–496; 6:11–cv–571, 2013 WL 2325118, at *22-23 (E.D. Tex. May 28, 2013). This Court and others have found that the holding in *IPXL* is "very limited." *Synqor, Inc. v. Artesyn Technologies, Inc.*, No. 2:07–cv–497, 2010 WL 2991037, at *31 (E.D. Tex. July 26, 2010); *see also Alexsam, Inc. v. Best Buy Stores L.P.*, No. 2:10-cv-93, 2012 WL 4894325, at *1 (E.D. Tex. Oct. 15, 2012).

## DISCUSSION

The two issues disputed in the present motion are (A) whether a party moving for summary judgment of indefiniteness is required to put forward expert testimony in support of its

motion; and (B) whether, as a matter of law, the claims-at-issue in the '607 are invalid as indefinite for mixing apparatus and method limitations.

### A. Expert Evidence Requirement

Motion Games claims that Defendants' motion should be denied solely on the basis that Defendants "failed to offer expert evidence regarding either the perspective of a person of skill in the art or what such a person would understand." RESPONSE at 2 (citing *Elcommerce.com, Inc. v. SAP AG*, 745 F.3d 490 (Fed. Cir. 2014) *vacated on other grounds*, 564 F. App'x. 599 (Fed. Cir. 2014)). Motion Games argues that the Federal Circuit in *Elcommerce.com* mandated the use of expert testimony in any motion for summary judgment of indefiniteness. Motion Games reads the *Elcommerce.com* case far too broadly, and such a mandate is belied by the very *Elcommerce.com* decision Motion Games refers to in support of such a rule. *Id.* at 506 ("We do not of course hold that expert testimony will always be needed for every situation; but we do hold that there is no Federal Circuit or other prohibition on such expertise."). Furthermore, the *Elcommerce.com* court addressed the distinct issue of whether expert testimony is required to prove indefiniteness of a means-plus-function term when the specification contains no corresponding structure. *Id.* at 507. Accordingly, the Court does not agree with Motion Games' reading of *Elcommerce.com* which would require expert opinion evidence for every motion for summary judgment of indefiniteness. Furthermore, the Court finds that expert evidence is not necessary to decide the present motion.

### B. Mixed Method and Apparatus Claims

Defendants argue that certain claims-at-issue recite both an apparatus and a method step. MOTION at 1. They contend that these claims and their dependent claims are indefinite as a matter of law because it is unclear whether the claim is infringed when the apparatus is

constructed or sold, or when the end user actually performs the claimed method. *Id.* at 3 (citing *IPXL Holdings*, 430 F.3d at 1384 ("reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2."); *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1318 (Fed. Cir. 2011).

Motion Games argues in response that the contested claim language describes the capabilities or functions of claimed structures and does not require actions to be performed upon the claimed apparatuses or necessitate actual use. RESPONSE at 8-12. As such, Motion Games claims that Defendants have misread the functional language in the relevant claims as method limitations and have misapplied the law of indefiniteness.

## I. The '607 Claims-at-Issue

Defendants assert that claims 34, 40 and 41 are indefinite because they improperly recite both an apparatus and a method of using that apparatus. MOTION at 4-5. Motion Games contends that each of these claims merely uses functional language to describe the system's capabilities.

### 1. Claim 34 of the '607 Patent

Claim 34 is a dependent claim of independent claim 25 of the '607 patent. Claim 25 is an apparatus claim that reads as follows:

> 25. **Apparatus** for creating a data base for an object having at least first and second discrete targets thereon in a pattern, said apparatus comprising:
> electro-optical sensing means for sensing the pattern of said first target and second target; and
> **processing means** for creating a data base of said object using said sensed pattern of said first target and said second target, said data base comprising said sensed pattern of said first and second targets.

*Id.* (emphasis added). Claim 25 thus recites an apparatus with two components: an "electro-optical sensing means" and a "processing means." Claim 34 depends from independent claim 25

and reads as follows: "34. **Apparatus** according to claim 25, wherein said processing means **controls a function** related to said object based upon said created data base of said object." *Id.* (emphasis added).

Defendants argue that claim 34 recites both an apparatus and a method of using that apparatus. Defendants contend that the claim requires that the "processing means" apparatus be used such that it "controls a function related to said object based upon said created data base of said object." Therefore, Defendants argue, the claim is indefinite because it is unclear whether infringement would occur when the processing means apparatus is constructed or sold, or when the processing means apparatus is actually used to control a function. MOTION at 4-5 (citing *IPXL*, 430 F.3d at 1384; *In re Katz*, 639 F.3d at 1318).

Motion Games responds by arguing that the contested language simply describes the functions of the claimed apparatus. Motion Games argues that the disputed language does not impose actual use requirements, or condition infringement on actions performed by users or unclaimed components upon the claimed apparatuses. As such, Motion Games argues, the language is functional and properly describes the capabilities of the claimed apparatus. RESPONSE at 8.

Whether claim language is indefinite for improperly mixing claim forms depends on whether the language used is directed at user actions or system capabilities. *See In re Katz Interactive Call Processing Patent Litigation,* 639 F.3d 1303, 1318 (Fed. Cir. 2011). The Federal Circuit has made clear "apparatus claims are not necessarily indefinite for using functional language." *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367, 1375 (Fed. Cir. 2008) (citing *Halliburton Energy Servs. v. M-I LLC*, 514 F.3d 1244, 1255 (Fed.Cir.2008)); s*ee also Biosig Instruments, Inc. v. Nautilus, Inc.*, 715 F.3d 891, 904 (Fed. Cir.

2011) (*vacated on other grounds*). "A claim term is functional when it recites a feature 'by what it does rather than by what it is.' (e.g., as evidenced by its specific structure or specific ingredients)." *Manual of Patent Examining Procedure* § 2173.05(g) (9th ed. 2014) (citing *In re Swinehart*, 439 F.2d 210, 212, 169 USPQ 226, 229 (CCPA 1971)).

The language in claim 34 recites the functionality of the claimed structure. The structure in the above claims is an apparatus with two components: an "electro-optical sensing means" and a "processing means." '607 Patent, Col. 41:24-32 & 42:6-8. The processing means is further defined by its function of "controlling a function." *Id.* at   The claim does not require that a user actually engage the apparatus as has been found to mix method and apparatus claim forms. *Cf.*, *IPXL Holdings*, 430 F.3d at 1384 (finding invalid for indefiniteness based on the language, "wherein . . . the user uses," "wherein . . . callers digitally enter data,"); *In re Katz*, 639 F.3d at 1318 (finding invalid for indefiniteness based on the language, "wherein . . . callers provide . . . data."); *Rembrandt Data Technologies, LP v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011) (finding invalid for indefiniteness based on the final element of a system claim not tying an apparatus to a method step). Rather, the language in these clauses permissibly defines the processing means by its functionality of controlling a function. *See SFA Sys., LLC v. 1-800-Flowers.com, Inc.*, 940 F. Supp. 2d 433, 454-55 (E.D. Tex. 2013) (finding not invalid for indefiniteness where "the claims involve capabilities *of the system*") (emphasis in original).

The Federal Circuit and this Court have found such functional language to be sufficiently definite many times over. *See Biosig*, 715 F.3d at 904; *MEC*, 520 F.3d at 1371-72, 1375; *Beneficial Innovations, Inc. v. Advance Publ'ns, Inc.*, 2014 WL 186301, at *3-4 (E.D. Tex. Jan. 14, 2014); *UltimatePointer*, 2013 WL 2325118, at *19-21; *L.C. Eldridge Sales Co. v. Azen Mfg. Pte. Ltd.*, 6:11-cv-599, 2013 WL 2285749, at *2-3 (E.D. Tex. May 23, 2013); *SFA*, 940 F. Supp.

2d at 454-55; *Alexsam*, 2012 WL 4894325, at *1; *Eolas Techs., Inc. v. Adobe Sys., Inc.*, 810 F. Supp. 2d 795, 812-14 (E.D. Tex. 2011), *withdrawn in part on other grounds*, 6:09-cv-446; 2011 WL 11070303 (E.D. Tex. Sept. 23, 2011), *aff'd*, 521 F. App'x 928 (Fed. Cir. 2013); *SynQor, Inc.*, 2010 WL 2991037, at *31, *aff'd*, 709 F.3d 1365 (Fed. Cir. 2013); *Freedom Wireless, Inc. v. Alltel Corp.*, 2:06-cv-504, 2008 WL 4647270, at *14 (E.D. Tex. Oct. 17, 2008).

In fact, these types of claims which "describe what the apparatuses do, when used in a certain way," have been specifically identified as types of claims with functional limitations rather than method limitations. *Yodlee, Inc. v. CashEdge, Inc.*, No. 05–01550, 2006 WL 3456610, at *4–6 (N.D.Cal. Nov.29, 2006) cited in *Alexsam*, 2012 WL 4894325, at *1.[3] Accordingly, claim 34 of the '607 patent is not indefinite under 35 U.S.C. § 112 ¶ 2.

### 2. '607 Claims 40 and 41

Claims 40 and 41 depend from claim 25 through claim 39. The claims recite:

39. Apparatus according to claim 25, said apparatus further comprising means for illuminating one of said first and second targets.

40. Apparatus according to claim 39, wherein said means for illuminating **illuminates** said one of said first and second targets with radiation outside of the visible wavelengths so as to minimize interference from ambient light.

41. Apparatus according to claim 40, wherein said means for illuminating **illuminates** said one of first and second targets with infrared radiation, so as to minimize interference from ambient light.

*Id.* (emphasis added).

---

[3] Judge Illston put forward a useful analogy to help parties distinguish functional language from mixed method-apparatus language. It reads:
> A simple analogy would be a claim which physically describes a pair of scissors designed to cut paper, then states, "upon opening and closing the sharp edges of the scissors on a piece of paper, the paper is cut." The language describes the capability of the scissors; it is function language. Infringement occurs upon the manufacturing and sale of scissors that are capable of cutting paper. The *IPXL* rule would apply only if the patent claimed the physical description of the scissors, then stated within the same claim: "and the method of using said scissors to cut a piece of paper."

*Yodlee*, 2006 WL 3456610, at *5.

The parties' dispute is the same with regard to the "illuminates" limitation in claims 40 and 41. Like with claim 34, the parties dispute whether "illuminates" places functional limitations on the apparatus by describing its capabilities. Defendants assert that the word "illuminates" describes a method step rather than the function of a "means for illuminating."

Claims 40 and 41 do not impermissibly mix claim forms. Again, the disputed language "illuminates said one of said first and second targets with radiation" does not require actions to be performed on the claimed apparatus by unclaimed components or users. Rather, the claim explains the functionality of the means for illuminating, which is to illuminate the targets. As such, claims 40 and 41 do not impermissibly mix method and apparatus claim forms and are not indefinite under 35 U.S.C. § 112 ¶ 2.

## **CONCLUSION**

The language in the claims at issue is distinct from that found to be indefinite in *IPXL* and *In re Katz*. Therefore, the public receives fair notice that infringement occurs when the apparatus or system with the claimed capabilities is manufactured or sold. Accordingly, Defendants have failed to satisfy their burden of proving by clear and convincing evidence that the relevant claims are indefinite for impermissibly reciting both an apparatus and a method of using that apparatus. For the foregoing reasons, the Court **DENIES** Defendant's Motion for Summary Judgment (Doc. No. 154).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions and

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 16th day of January, 2015.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE