IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MOTION GAMES, LLC,<br>Plaintiff,<br><br>vs.<br><br>NINTENDO CO., LTD.; NINTENDO OF AMERICA INC.; RETRO STUDIOS, INC.; RENT-A-CENTER, INC.; and GAMESTOP CORP.,<br>Defendants | Case No. 6:12-cv-878-RWS-JDL<br><br>JURY TRIAL DEMANDED |

## ORDER

Before the Court is Defendants' Emergency Motion to Stay Litigation Pending Appeal of PTAB's Decision Invalidating All Asserted Patent Claims (Doc. No. 353). Plaintiff filed a response (Doc. No. 366), and Defendants filed a reply (Doc. No. 371). Having fully considered the arguments before the Court and for the reasons set forth herein, Defendants' Motion to Stay (Doc. No. 353) is **GRANTED**.

Earlier in this case, Defendants petitioned for *inter partes* review ("IPR") of all the claims at issue. The Patent Trial and Appeal Board ("PTAB") granted review, and the Defendants subsequently moved for a stay pending the IPR (Doc. No. 176). While acknowledging that the IPR process had the potential to simplify issues for trial, the Court determined that a stay was not justified because the parties had made significant progress toward trial and a stay would deny the Plaintiff an expeditious resolution of its patent rights. Doc. No. 213 at 4-7. As such, the present litigation and the IPR proceeded concurrently.

On May 15, 2015, the PTAB issued a Final Written Decision in the IPR, holding that all of the asserted claims of the '607 patent are unpatentable under 35 U.S.C. § 103 (Doc No. 353-

1). Plaintiff will likely appeal the final written decision. Defendants have filed the present motion to stay the case while the Federal Circuit hears Plaintiff's appeal (Doc. No. 353 at 1).

The present motion is analyzed under the same three-factor test as the Motion to Stay pending IPR: (1) whether discovery is complete and whether a trial date has been set.; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *NFC Technology LLC v. HTC America, Inc.*, 2015 WL 1069111, *2 (E.D. Tex. Mar. 11, 2015). Here, the case has proceeded to a late stage in the litigation. The trial is only four months away, the parties have largely completed claim construction, and fact and expert discovery have concluded. This factor does not support staying the case. However, appellate review of the PTAB's decision finding invalid all of the claims at issue will certainly simplify this case by providing resolution of a key claim construction issue about which this Court and the PTAB came to different conclusions. *See* Doc. No. 366 at 3-6 (detailing the inconsistent claim construction decisions reached by this Court and the PTAB for the claim term "creating a data base"). As such, the second factor favors staying the case. Therefore, the critical issue before the Court is whether a stay will unduly prejudice Motion Games.

Motion Games argues a stay will cause undue prejudice because the Court has already ruled that staying the case is prejudicial and the parties have expended significant resources completing fact and expert discovery and resolving numerous discovery and substantive issues. Doc. No. 366 at 2. Contrary to Plaintiff's argument, there comes a point at which any prejudice to the Plaintiff in staying the litigation is significantly outweighed by a determination that patent claims are invalid by the "expert agency" in the field. *See NFC Technology*, 2015 WL 1069111, at *5. Typically, at that point, any further expenditure of party or judicial resources on invalid

claims is unwise.  While it is true that significant resources have been invested to this point, there is little doubt that a substantial amount of pretrial, trial and post-trial resources have yet to be expended.  Certainly, if the Federal Circuit disagrees with the PTAB, the litigation can resume.  But until then, a stay of the case is appropriate.  Moreover, Plaintiff was certainly aware that the PTAB could invalidate all of the relevant claims of the '607 patent.  If Motion Games did not want to risk its time and resources litigating before this Court during the IPR proceeding, it could have simply agreed to Defendants' prior motion to stay.

Therefore, on balance, the above factors favor staying the case.  Accordingly, Defendants' Motion to Stay (Doc. No. 353) is **GRANTED**.  Furthermore, the parties are **ORDERED** to file a notice with the Court within ten days of the issuance of the Federal Circuit's ruling on Motion Games' appeal of the PTAB final decision.  Until such time, the present case is **STAYED** and **ADMINISTRATIVELY CLOSED**, and all pending motions are **DENIED AS MOOT**.

So ORDERED and SIGNED this 5th day of June, 2015.

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE